Richard Benjamin **HAYMES,**
**Plaintiff,**

v.

Herbert **BROWNELL,** Jr., **Attorney General of the United States, Defendant.**

**Civ. A. No. 4737-54.**

United States District Court
District of Columbia.

May 31, 1955.

See also 115 F.Supp. 506.

Welburn Mayock, Washington, D. C., and David C. Marcus, Los Angeles, Cal., for plaintiff.

Leo A. Rover, U. S. Atty., Oliver Gasch, and Frank H. Strickler, Asst. U. S. Attys., Washington, D. C., for defendant.

MATTHEWS, District Judge.

A motion for summary judgment by each party is now before the Court.

The plaintiff, Richard Benjamin Haymes, an alien, seeks a declaratory judgment that he is not subject to deportation.

Haymes is a citizen of Argentina who was admitted to the United States for permanent residence in 1937. He is a professional singer and as such travels extensively in the United States and its territories. In May 1953 he went to Hawaii and returned to the continental United States on June 7, 1953, traveling both ways in United States planes. Upon his return a warrant for his arrest was issued by the District Director of Immigration at Los Angeles. Following protracted hearings Haymes' deportation was recommended by the Special Inquiry Officer on the ground that at the time of his entry from Hawaii he was an alien ineligible for citizenship under Section 212(a) (22) of the Immigration and Nationality Act of 1952, 8 U.S.C.A.

§ 1101 et seq.,[1] and subject to deportation under Section 241(a) (1) of that Act,[2] 8 U.S.C.A. § 1251(a) (1). On November 4, 1954, the Board of Immigration Appeals affirmed the decision of the Special Inquiry Officer and ordered Haymes deported. This suit was filed on November 5, 1954.

Among other contentions Haymes says that the Act is not applicable to the factual situation in his case. In other words, he maintains he is not deportable under the Act.

Section 241(a) (1) of the Act, 8 U.S.C.A. § 1251(a) (1), which is relied on by the Attorney General to deport Haymes provides: "Any alien in the United States * * * shall * * * be deported who * * * at the time of entry was * * * excludable by the law existing at the time of such entry". "Entry" is defined in the Act as follows: "The term 'entry' means any coming of an alien into the United States, from a foreign port or place or from an outlying possession". 8 U.S.C.A. § 1101(a) (13). The latter term is defined in the Act as meaning "American Samoa and Swains Island." 8 U.S.C.A. § 1101(a) (29).

The issue here is whether Haymes made the requisite "entry". If he did not, he is not deportable. If he did, he is deportable, assuming that he is an alien ineligible for American citizenship. It is without dispute that Haymes was lawfully in the United States for permanent residence up to the time in 1953 when he went on a brief visit to Hawaii. By the terms of the Act, 8 U.S.C.A. § 1101(a) (38), Hawaii is a geographical part of the United States. There was,

therefore, in 1953 no "entry" by Haymes into the United States from any foreign port or place or from an outlying possession (American Samoa and Swains Island) but only an entry into the continental United States from Hawaii, a geographical part of the United States. Accordingly Haymes is not deportable.

The Attorney General urges upon the court the applicability of Section 212(d) (7) of the Act, 8 U.S.C.A. § 1182(d) (7). The court does not believe it is relevant here. A similar contention was made and rejected in a recent case in the United States Court of Appeals for the Ninth Circuit. U. S. ex rel. Alcantra v. Boyd, 222 F.2d 445. There an alien in the United States for permanent residence went to Alaska in 1953 for the cannery season. It appears that in California in 1948 he was convicted of an offense involving moral turpitude. Upon his return to Seattle from Alaska in 1953 it was sought to deport him as an excludable alien. The court said:

"Petitioner's contention is that subsection 212(d) (7) is not applicable to an alien who, as a permanent resident of the continental United States, goes to Alaska for purposes of temporary seasonal employment and then seeks to return. Having in mind the legislative history of this subsection and the technical meaning generally given the term 'entry' where appearing in the immigration laws, we are of opinion that the contention is correct."

The motion of the defendant for summary judgment will be denied and the motion of the plaintiff for summary judgment will be granted. Counsel will submit a proposed order.

---

1. The finding of Haymes' ineligibility for citizenship is grounded on his claim of 1944 for exemption from service in our armed forces. He disputes the correctness of the finding on various grounds. Under the terms of the Selective Training and Service Act of 1940, 50 U.S.C.A. Appendix, § 303(a) (now covered by Section 454(a) of said Appendix) a claim by a neutral alien for exemption from duty in our armed services bars him from becoming a citizen of the United States.

2. The Immigration and Nationality Act of 1952 is hereinafter referred to as the Act. Sec. 241(a) (1) is hereinafter quoted in part.